UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| JOHN DAVID WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:21-cv-00024-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DEPARTMENT OF JUSTICE/BUREAU OF | ) | **&** |
| PRISONS, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff John David White is an inmate confined at the Federal Correctional Institution ("FCI")–Ashland located in Ashland, Kentucky.  Proceeding without an attorney, Mr. White has filed a civil complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  [R. 1.]  By prior Order, the Court granted Mr. White's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  [R. 7.]  Thus, the Court must conduct a preliminary review of White's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997).  The Court evaluates Mr. White's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Mr. White's complaint arises from a July 2020 incident report issued against him by health care services worker N. Lewis, R.N., charging him with interfering with a staff member in the performance of duties, threatening another with bodily harm, and insolence towards a staff member. [R. 1 at 15.] Mr. White alleges that FCI-Ashland Warden Allen Beard Jr.'s administration and staff knew or should have known that the incident report was false, but "supported and encouraged" Lewis when she filed the incident report. A disciplinary hearing was held on September 29, 2020, after which the Discipline Hearing Officer ("DHO") issued a report finding that no prohibited act was committed and directing that the incident report be expunged. *Id. at 13.* Even so, Mr. White maintains that the fact that the incident report was filed violates 28 U.S.C. § 4042 and his rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. *Id.* at 7. As relief, he seeks $3.5 million in monetary damages against Defendants the United States of America, the Department of Justice ("DOJ"), the Federal Bureau of Prisons ("BOP"), and Ashland-FCI Warden Allen Beard, Jr. *Id.* at 11.

However, the Court has reviewed Mr. White's complaint and concludes that it must be dismissed for multiple reasons. As a threshold matter, it is clear from the face of the complaint that Mr. White has not exhausted his administrative remedies with respect to his claims.[1] Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question

---

[1] The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, 542.14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16.

2

that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).  The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).  If the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening.  *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017); *see also Jones*, 549 U.S. at 214–15 (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

Mr. White states that he did not file a grievance because he is not challenging the results of the disciplinary hearing, given that the DHO ruled in his favor and expunged the charges against him, but is instead "seeking relief and compensation for the pain and damages" incurred. [R. 1 at 8.]  However, the fact that Mr. White's constitutional claims relate to a disciplinary proceeding does not excuse him from the administrative exhaustion requirement.  Rather, if Mr. White believes that the fact that the disciplinary proceeding was initiated in the first place violates his constitutional rights, he is still required to pursue his administrative remedies with respect to that claim through the BOP's administrative grievance process.  His admission that he did not do so prior to filing this lawsuit warrants dismissal of his complaint without prejudice. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).

More fundamentally, however, dismissal is warranted because Mr. White's complaint fails to state a claim for which relief may be granted against any named Defendant.  A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft*

3

*v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

First, to the extent that Mr. White purports to bring his claim under 18 U.S.C. § 4042, this statute broadly describes the duties and obligations of the BOP with respect to the management and regulation of Federal penal and correctional institutions. However, the Sixth Circuit has recognized that a plaintiff "may not pursue a claim under § 4042, which establishes the general duties of the BOP, because that statute does not provide a private cause of action against BOP officials." *Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004) (citations omitted).

Mr. White's constitutional claims brought pursuant to *Bivens* fare no better. Under *Bivens*, an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens* 403 U.S. at 397. However, a *Bivens* claim is only properly asserted against individual federal employees in their individual capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Thus, Mr. White may not bring a *Bivens* claim against the United States, the BOP, or the DOJ. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). Accordingly, to the extent that Mr. White alleges constitutional *Bivens* claims against the United States, the BOP, and/or the DOJ, these claims must be dismissed with prejudice.

4

Thus, the only remaining Defendant is Warden Allen Beard, Jr.  It is not clear from the allegations of Mr. White's complaint whether he intends to bring his claim against Warden Beard in his individual or official capacity.  His complaint contains no allegations of specific conduct by Warden Beard, but instead repeatedly refers to actions taken by "Warden Allen Beard, Jr. administration and staff."  [R. 1.]  However, either way, Mr. White fails to state a claim for which relief may be granted against Warden Beard.

To the extent that Mr. White brings his constitutional claims seeking monetary damages against Warden Beard in his official capacity, his claims must be dismissed with prejudice.  A suit against a government employee in his or her "official capacity" is not a suit against the employee for his or her conduct while performing job duties for the government but is instead a suit against the government agency that employs the individual.  Thus, an official capacity suit against an employee of the BOP is a suit against the BOP itself, which is a federal agency.  While *Bivens* authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies.  *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).  Thus, Mr. White fails to state a claim against Warden Beard in his official capacity.

Mr. White's complaint also fails to state a claim for relief against Warden Beard in his individual capacity, as he fails to allege anything that Warden Beard did or did not do in violation of Mr. White's constitutional rights.  Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him.  *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d

5

567, 577 (6th Cir. 2008).  Moreover, personal liability in a *Bivens* action hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325–26 (1981).  Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

Mr. White's complaint makes no allegations at all against Warden Beard, much less allege that he was personally involved in conduct that violated Mr. White's constitutional rights. And to the extent that Mr. White seeks to impose liability on Warden Beard based solely upon his status as Warden (as suggested by his allegations against the "Beard administration and staff"), the mere fact of supervisory capacity is not enough: an official must be personally involved in the conduct complained of because *respondeat superior* is not an available theory of liability.  *Polk County*, 454 U.S. at 325–26; *see also Iqbal*, 556 U.S. at 677 ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.").  Because Mr. White does not allege that Warden Beard was personally involved in any conduct that violated Mr. White's constitutional rights, Mr. White's claims against Warden Beard will be dismissed without prejudice.

For all of these reasons, Mr. White's complaint fails to state a claim for which relief may be granted and will be dismissed.  Mr. White's claims against the United States, the Department of Justice, the Bureau of Prisons, and Warden Beard in his official capacity will be dismissed with prejudice.  Mr. White's claims against Warden Beard in his individual capacity will be dismissed without prejudice.

6

Accordingly, it is hereby **ORDERED** as follows:

1. Mr. White's complaint [R. 1] is **DISMISSED** as follows:

    a. Mr. White's claims against the United States, the Department of Justice, the
       Bureau of Prisons, and Warden Beard in his official capacity are
       **DISMISSED WITH PREJUDICE**;

    b. Mr. White's claims against Warden Beard in his individual capacity are
       **DISMISSED WITHOUT PREJUDICE**;

2. **JUDGMENT** shall be entered contemporaneously with this Order; and

3. This matter is **STRICKEN** from the Court's docket.

This the 5th day of April, 2021.

Gregory F. Van Tatenhove
United States District Judge

7